IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LAWRENCE E. CREED | § | CASE NO. 15-40892 |
| | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |

## TRUSTEE'S OBJECTION TO CONVERSION TO CHAPTER 13

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("Trustee") by and through the proposed undersigned attorney files his Objection to Conversion to Chapter 13 ("Motion") as follows:

1. On May 14, 2015, Lawrence E. Creed, ("Debtor") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Christopher J. Moser is the acting Chapter 7 Trustee of the Debtors' bankruptcy estate.

3. On September 3, 2015, Debtor filed his Motion to Convert Chapter 7 Case to Chapter 13 Case ("Motion to Convert").

4. Trustee objects to the Motion to Convert for the reason that the Debtor has insufficient disposable income to fund a Chapter 13 Plan and therefore does not qualify for Chapter 13 relief.

5. Trustee does verily believe that this Debtor shows no good faith basis to convert, and if he did, any such conversion based on the stunning changes and never ending amendments to sworn statements and schedules as reflected in this cause, show a complete inability to fund a Chapter 13 plan.

6. The Trustee requests that this Court take judicial notice of the above captioned Chapter 7 matter, and the Debtor's filings therein, for all purposes.

7. The Debtor's credibility in any proceeding will be in serious peril, if any such credibility remains after review of this matter.

8. The debtor appears to feel that this process is a game without consequences: this Trustee would always encourage Debtors to correct errors, make a full financial disclosure as set out by this Court as requiring records to be kept in at least a prudent and businesslike manner, and to not expect wholesale reversals of fact and intention to go unnoticed or without consequences.

9. The Debtor filed his initial schedules and statements on 5/14/2015, amended schedules on 6/16/2015 (stricken on filing procedure error), on 6/19/2015, and on 9/03/2015.

10. The Debtor is a signatory on a Deed of Trust to a $200,000.00 residential property in Collin County, Texas, which was wholly unscheduled until the Trustee filed a Notice of Lis Pendens, and then such obligation and creditor appeared on the 9/03/2015 schedules and statements.

11. The Debtor schedules a 2015 Dodge Charger as "cosigned for his ex wife" at $28,000.00. The Trustee would ask the Court to take notice that these models are used as DPS highway patrol cars, are extremely fast and powerful, and are not typically marketed to nor sold to women who can afford to buy them. The Trustee verily believes that the Debtor has possession and unfettered use of the car, if not title.

12. Debtor has failed to account for and failed to disclose the location of a number of collector firearms. The only story to date by this burgeoning arms-dealer is that he gave a number of long guns to his brother prior to filing Chapter 7 and the brother simply dissipated the funds. The Debtor has

provided a form of spreadsheet outlining many, many gun sales, but without dates, such document is merely the illusion of compliance with the Trustee's request for information.

13. The Debtor reports no IRS tax filings for 2011-2014. Without such filings, the Debtor cannot stay in Chapter 13.

14. Less than a month pre-petition, the Debtor purchased over $13,000.00 of consumer goods at a Conn's retail store. His interim statement, under Federal Exemptions, was to "surrender" such property. Conn's is not a rent-to-own store, because if it were it would not have on its website the retail return policy of the stores. The Debtor cannot "surrender" the retail purchases, believed to be large appliances and electronics, based on the Conn's published policy.

15. Finally, the Debtor's monthly income is listed in the last SOFA as approximately $2,100.00 per month. He includes his live-in girlfriend's $2,600.00 monthly income, although there is no sign that she intends to assume any debt whatsoever.

WHEREFORE, the Trustee prays that the motion to convert to Chapter 13 be denied for the debtor's abject bad faith, his inability to fund a Chapter 13 Plan, or simply in the interest of justice. The Trustee further prays for such other and further relief to which he be entitled at law or in equity.

Respectfully submitted,

Kelly B. Williamson
P.O. Box 207
Miami, Texas 79059
(214) 244-8086 (Telephone)
kbwzzt@aol.com

By: */s/ Kelly B. Williamson*
    Kelly B. Williamson
    State Bar No. 00785260

ATTORNEY FOR CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served electronically where applicable and upon the following via regular U.S. mail, postage prepaid, on this the September 9, 2015:

**Office of the U.S. Trustee**
110 N. College Ave., Suite 300
Tyler, Texas  75702

**Lawrence E. Creed**
1917 Fountain Spray
Wylie, Texas 75098

**Christopher J. Moser**
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
22001 Bryan Street, Suite 1800
Dallas, Texas  75201

**Veronica Deaver**
PO Box 2248
McKinney, Texas 75070



*/s/ Kelly B. Williamson*_____
Kelly B. Williamson