U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

2015 NOV 18 PM 6:07

CLERK, U.S. BANKRUPTCY COURT

BY_____DEPUTY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LAWRENCE EDWARD CREED | § | CASE NO. 15-40892 |
| | § | (Chapter 13) |
| DEBTOR | § | |

## RESOLUTE SERVICES'
## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW Chris Gerstner DBA Resolute Services, an unsecured creditor in the above-captioned bankruptcy case, and hereby objects to the confirmation of the debtor's chapter 13 plan for the following reasons.

1. The Debtor's Schedules and Plan show a complete lack of good faith at best, and at worst, a bad faith filing for the reasons described below:

    a. Schedule I shows the Debtor's business income to be $2060.00 per month when the Debtor's own bank statements previously provided at a 2004 exam show an average of about $66.21 per month in net income for the 6 months immediately prior to his filing. The Debtor has either not taken the time to do the math himself or is outright lying to the court in an effort to deceive the court and the creditors; either way this constitutes perjury.

    b. Schedule I shows Other Monthly Income of $2600.00 per month from the Debtor's Girlfriend (room mate) which is substantially all of her income although she is not a debtor certainly does not gift the Debtor $2600.00 per month. This

was added to the Debtor's Schedule I only after the case was converted to a Chapter 13 presumably in an effort to show enough income to even qualify for Chapter 13 bankruptcy as his original income for his original filings would not have afforded him an opportunity to stay in Chapter 13 bankruptcy.

c. The Debtor makes no mention of his approximately $15,000.00 in gambling losses in 2015 as previously admitted to while under oath at a 2004 exam. Furthermore, the Debtor has had ample opportunity to amend his schedules to show such and has yet to do so, in direct violation of his sworn signature under penalty of perjury on his form B7.

d. The Debtor makes no mention of a $5000.00 gift to his father made within a few months before filing his bankruptcy and in fact denied having given any gifts at the recent 341 meeting although previously admitting to at a 2004 exam.

e. The suspicious timing of the Debtor's bankruptcy conversion to a chapter 13 indicates he has only converted his bankruptcy in an effort to prevent this creditor from continuing a adversary proceeding under 11 USC §727 and seeking to have the court render all debts non-dischargeable. In discussions with the Debtor and his attorney, it was mentioned that their response to my filing of an adversary proceeding would be to convert the bankruptcy in order to prevent me from moving forward with an adversary proceeding with never any mention of another stated reason for such conversion.

2. The Debtor has insufficient disposable income with which to fund a Chapter 13 plan and therefore does not qualify for Chapter 13 relief. According to 11 USC §101 (10A), the Debtor's "current monthly income" is defined as the average monthly income from all

sources derived during the 6-month period ending on the last day of the calendar month immediately proceeding the date of the commencement of the case if the debtor files the schedule of current monthly income required by section 521(a)(1)(B)(ii). The Debtor has filed the required schedule of current monthly income although it is grossly incorrect. When it is calculated using his own bank statements for the period described, his average monthly income is approximately $66.21. While under oath, the Debtor has stated that all of his available bank records were turned over in response to my 2004 exam request and that he had received no other income other than what is shown in his bank statements.

Even if one is to consider his recent testimony at the most recent 341 meeting where he states that under his new employment he is earning about $20,000.00 per year with no significant chance of overtime and no earned commission as of yet; his income would still average out to about $1670.00 per month gross which is still not enough to even pay his reasonable expenses, let alone leave any remaining disposable income with which to pay creditors. Furthermore, his recent employment is in an industry of high turnover in which he has no direct experience. It is statistically highly improbable that the Debtor's new employment will be long lasting. Certainly this Debtor does not have "regular income" with which to fund a Chapter 13 plan nor even qualify for relief under a chapter entitled "Adjustment of debts of an individual with *regular income*". (emphasis added)

Furthermore, in the previously filed Chapter 7 Trustee's "Trustee's objection to conversion to Chapter 13", it is clearly stated that even the Chapter 7 Trustee felt the Debtor to have insufficient income with which to fund a Chapter 13 plan as well as a complete lack of good faith.

WHEREFORE, this Creditor prays that the Debtor's Chapter 13 plan be denied for the

Debtor's abject bad faith, his inability to fund a Chapter 13 plan, or simply in the interest of justice; and that the Debtor be ordered to convert this case back to a Chapter 7 bankruptcy per the agreement between the Debtor and the Chapter 7 Trustee. This Creditor further prays for all other relief to which he may be entitled to at law or in equity.

RESPECTFULLY SUBMITTED this 18th day of November, 2015.

By: _____
Chris Gerstner
DBA Resolute Services
Creditor Pro Se
3000 Custer Road #270-138
Plano, TX 75075
972-994-6415
Chris@GoResolute.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this, the 18th day of November, 2015, he caused a true and correct copy of the foregoing Objection to be served upon the following parties by e-mail where applicable or via USPS regular mail, postage prepaid.

Veronica Deaver
Law offices of Veronica Deaver
P.O. Box 2248
McKinney, TX 75070
Email: veronicadeaver@msn.com

John J. Talton
Chapter 13 Trustee
P.O. BOX 941166
Plano, TX 75094
ECFch13plano@ch13plano.com

Lawrence Edward Creed
2404 Beretta
Mesquite, TX 75181
creedroofing@yahoo.com

Office of the U.S. Trustee
110 N. College Ave
Suite 300
Tyler, TX 75702

Christopher J. Moser
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
cmoser@qslwm.com

_____
Chris Gerstner