**VERONICA DEAVER**
P.O. Box 2248
McKinney, Texas 75070
State Bar No. 24007096
Ph: (972)562-8863
Fax: (972)529-7002
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No: 15-40892 |
| | ) | |
| Lawrence Edward Creed | ) | |
| xxx-xx-8175 | ) | |
| | ) | |
| | ) | Chapter 13 |
| 2404 Beretta | ) | |
| Mesquite TX 75181 | ) | |

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

AMENDED CHAPTER 13 PLAN

Lawrence Edward Creed (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$1,039.00** per month to Trustee by [ ] Payroll Deduction(s) or by [x] Direct Payment(s) for the period of 1 month, then the Debtor will pay the sum of **$918.00** per month to Trustee by [ ] Payroll Deduction(s) or by [x] Direct Payment(s) for the period of 59 months unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. **Beginning October 14, 2015** and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any

preconfirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

___ IF CHECKED, Plan payments will increase by $_____ on _____ , 20__ upon completion or termination of:

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fees**. The total attorney fee as of the date of filing of the petition is $4,000.00 . The amount of $800.00 was paid prior to the filing of the case. The balance of $3,200.00 will be paid from first funds upon confirmation, or in the alternative _____ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims**.
    (A). **Domestic Support Obligations**.

    ___ None. If none, skip to Plan paragraph 5(B).
        (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
        (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).
        (iii). Anticipated Domestic Support Obligation Arrearage Claims

    (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims

will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

X None; **or**

    (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    X None; or

    Claimant and proposed treatment: _____
    _____
    _____

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

    ___ directly to the creditor; or
    _X_ to the Trustee pending confirmation of the plan:

| | Total Claim | Monthly Priority Claims | Number Payments | Total Payment |
|---|---|---|---|---|
| Internal Revenue Service | $37,000.00 | $616.67 | 60 | $37,000.20 |

6. **Secured Claims**.

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain**.

    (i). **Pre-confirmation adequate protection payments**. Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such

adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof. Debtor shall make the following adequate protection payments:

    X directly to the creditor;

\_\_ or to the Trustee pending confirmation of the plan.

(ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

|  | Total Claim Priority Claims | Monthly Payments | Number Payment | Total |
|---|---|---|---|---|
| TMX Finance (2005 Dodge Dakota) | $2,000.00(5%) | $37.86 | 60 | $2,271.60 |
| TMX Finance (2005 Dodge Dakota) | $4,524.00(5%) | $87.47 | 60 | $5,248.20 |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will

make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

    X None; or

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

    **Conn's Credit (Appliances/Furniture)**

(D) **Void Lien:** The secured creditors listed below hold a non-purchase money, nonpossessory security interest on Debtor(s) exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

7. **Unsecured Claims**. Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is $67,192.29. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $,1950.00. Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.
Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

    X None; or

9. **Property of the Estate**. Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt

except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions**:

    (A). **Special classes of unsecured claims**.

    (B). **Other direct payments to creditors**.

    Sun Trust Bank, Co-debtor (post petition payments on 2014 Dodge Charger).

The contract shall be paid according to its terms including, but not limited to, those terms regarding interest rate and payment amount. In the event the last payment due on Creditor's claim is due after the date on which the final payment un the Plan is due, Creditor's secured claim is subject to 11 U.S.C. § 1322(b)(5) and discharge of the Creditor's secured claim is subject to the provisions of 11 U.S.C. § 1328(a) and ©.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated January 18, 2006.

Date: December 21, 2015

/S/ Lawrence Edward Creed
Debtor

/s/ Veronica Deaver
Debtor's Attorney

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No: 15-40892 |
| | ) | |
| Lawrence Edward Creed | ) | |
| xxx-xx-8175 | ) | |
| | ) | |
| | ) | Chapter 13 |
| 2404 Beretta | ) | |
| Mesquite TX 75181 | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Amended Chapter 13 Plan has been served on this 21st day of December 2015, by either electronically or by first class US Mail in compliance with the Federal and Local Rules of Bankruptcy Procedure to the following:

All Parties Listed on the Attached Court Mailing Matrix

_/s/ Veronica Deaver_
Veronica Deaver
State Bar No. 24007096

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 15-40892<br>Eastern District of Texas<br>Sherman<br>Sat Dec 19 17:26:34 CST 2015 | AFNI Inc.<br>PO Bos 3427<br>Bloomington IL 61702-3427 | American InfoSource LP as agent for<br>T Mobile/T-Mobile USA Inc<br>PO Box 248848<br>Oklahoma City, OK  73124-8848 |
| BRADLEY MULLINS<br>c/o Peter J. Bennett, PC<br>202 Travis St., Ste, 207<br>Houston, Texas 77002-1726 | (p)BLALACK WILLIAMS P C<br>4851 LBJ FREEWAY<br>SUITE 750<br>DALLAS TX 75244-6012 | COLLIN COUNTY<br>GAY, MCCALL ISAACKS ET., AL<br>777 E. 15TH ST.<br>PLANO, TX 75074-5799 |
| CONN APPLIANCES, INC AS ATTORNEY-IN-FACT AND<br>PO BOX 2358<br>BEAUMONT, TX 77704-2358 | Chase Card<br>P.o. Box 15298<br>Wilmington, DE 19850-5298 | Conns Appliances Inc. as Attorney-in-Fact an<br>P.O. Box 2358<br>Beaumont, TX 77704-2358 |
| Conns Credit Corp<br>Box 2358<br>Beaumont, TX 77704-2358 | Covergent<br>800 SW 39TH St.<br>Renton WA 98057-4975 | Lawrence Edward Creed<br>2404 Beretta<br>Mesquite, TX 75181-1038 |
| Veronica Deaver<br>P.O. Box 2248<br>McKinney, TX 75070-8167 | ECMC<br>PO BOX 16408<br>ST. PAUL, MN 55116-0408 | Fandistg<br>Po Box 22717<br>Rochester, NY 14692-2717 |
| GECRB/Care Credit<br>Attn: bankruptcy<br>PO Box 103104<br>Roswell, GA 30076-9104 | Chris Gerstner<br>dba Resolute Services<br>3000 Custer Road #270-138<br>Plano, TX 75075-4422 | JAMIE MCFERON<br>c/o Peter J. Bennett, PC<br>202 Travis St., Ste. 207<br>Houston, Texas 77002-1726 |
| Linebarger Goggan Blair & Sampson LLP<br>1300 Main, Suite 425<br>Houston TX 77002-6803 | David McCall<br>Gay, McCall, Isaacks, et al<br>777 East 15th Street<br>Plano, TX 75074-5799 | McCreary Veselka, Bragg & Allen PC<br>PO Box 1310<br>Round Rock TX 78680-1310 |
| Christopher J. Moser<br>Quilling Selander Lownds Winslett Moser<br>2001 Bryan Street<br>Suite 1800<br>Dallas, TX 75201-3070 | Dana Overstreet<br>Conn's Legal Department<br>3295 College Street<br>Beaumont, TX 77701-4611 | Peter Bennett<br>202 Travis St.<br>Houston TX 77002-1726 |
| SunTrust Bank<br>Attn: Support Services<br>P.O. Box 85092<br>Richmond, VA 23286-0001 | Suntrust Bk Tampa Bay<br>Attn:Bankruptcy Dept<br>PO Box 85092 MC VA-WMRK-7952<br>Richmond, VA 23285-5092 | Synchrony Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 |
| John Talton..<br>P. O. Box 941166<br>Plano, TX 75094-1166 | Texans Credit Union<br>c/o Blalack & Williams, P.C.<br>4851 LBJ Freeway, Suite 750<br>Dallas, TX 75244-6012 | Texans Credit Union<br>f/k/a Texins Credit Union<br>P.O. Box 853912<br>Richardson, TX 75085-3912 |

```
Texas Dept. of Public Safety          (p)TMX FINANCE LLC FORMERLY TITLEMAX    U.S. Attorney General
Surcharge Processing                  15 BULL STREET                          Department of Justice
PO Box 16733                          SUITE 200                               Main Justice Building
Austin TX 78761-6733                  SAVANNAH GA 31401-2686                  10th & Constitution Ave., NW
                                                                              Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Blalack & Williams                    TitleMax of Texas, Inc. d/b/a TitleMax
4851 LBJ Freeway Suite 750            15 Bull Street, Suite 200
Dallas TX 75244                       Savannah, GA 31401
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Chris Gertnser                     (d)John Talton..                        End of Label Matrix
DBA Resolute Services                 P. O. Box 941166                        Mailable recipients    33
3000 Custer Rd. #270-138              Plano, TX 75094-1166                    Bypassed recipients     2
P75075lano TX                                                                 Total                  35
```