

EOD
02/05/2016

Phone: (972) 562-8863
Bar Number: 24007096

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## PLANO DIVISION

| | |
|---|---|
| IN RE ) | Case No: 15-40892 |
| ) | |
| Lawrence Edward Creed ) | |
| xxx-xx-8175 ) | |
| ) | |
| ) | Chapter 13 |
| 2404 Beretta ) | |
| Mesquite TX 75181 ) | |

### ORDER CONFIRMING CHAPTER 13 PLAN AND RELATED ORDERS

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of Creditors Meeting held pursuant to Section 341 of the Bankruptcy Code, and all objections to confirmation of the Plan, The Court finds:

1.  Written notice of the Meeting of Creditors held pursuant to 11 U.S.C. § 341 and of this hearing on the confirmation of the Plan was given as required by Rule 2002; and

2.  All scheduled creditors have been served with a copy of the Debtor's Plan or summary thereof in accordance with Rule 3015; and

3.  The Plan as presented for confirmation (hereinafter referred to as "the Plan") complies with the provisions Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title; and

4.  With respect to each allowed secured claim provided for by the Plan, the holder of such claim either accepted or was deemed to have accepted the Plan, or, in the alternative

    a. The Plan provides that the holder of such claim retain the lien securing such claim; and

    b. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claims; or

    c. The Debtor has surrendered or abandoned the collateral securing such claim; or

    d. The treatment of the claim complies with 11 U.S.C. § 1322(b)

### IT IS THEREFORE ORDERED THAT:

1.  The Debtor's Plan dated December 21, 2015 as filed or as amended is CONFIRMED subject to the allowance of claims herein and the Trustee's Recommendation Concerning Claims which shall be filed within 30 days of the latter of entry of this Order or the deadline for all creditors (including a government unit) to file a claim. With respect to all claims allowed or not yet allowed at the time of execution of this Order, said claims are subject to the Trustee's Recommendation Concerning Claims as follows:

I. (a) The Trustee, the Debtor, and the Debtor's attorney shall examine proofs of claim or summaries thereof and shall object to the allowance of improper claims as provided by Rule 3007.

(b) The Trustee shall file and serve all parties in interest with the Trustee's Recommendation Concerning Claims within thirty (30) days of the latter of entry of this Order or the claim filing deadline for all creditors (including a government unit). Such Trustee's Recommendation Concerning Claims shall include the Trustee's objections to claims, if any, recommendations as to the extent and validity of each creditor's security interest, if any, and recommendations as to the value of any collateral not previously valued by the Court. The Trustee's Recommendation Concerning Claims shall be deemed to be an objection to claims, a motion to value any such collateral, and an action to determine the validity of each creditor's security interest or an action to avoid any such security interest as set forth therein.

(c) Unless an objection or response is timely filed as to the treatment of any claim, the claim will be allowed only in the manner and amount listed in the Trustee's Recommendation Concerning Claims, and such treatment will be final and binding on all parties without further order of the Court.

(d) Responses or objections to the Trustee's Recommendation Concerning Claims must be filed within thirty (30) days from the date of service of the Trustee's Recommendation Concerning Claims.

(e) The Trustee's Recommendation Concerning Claims shall additionally contain notice of the bar date for any additional objections to claims, which date is fixed at twenty-one (21) days following the date of service of the Trustee's Recommendation Concerning Claims.

II. (a) The Chapter 13 Trustee shall review all claims and the feasibility of the Plan prior to filing the Trustee's Recommendation Concerning Claims. If at that time the Plan is no longer feasible, the Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If forty five (45) days after the service of the Trustee's Recommendation Concerning Claims the Plan remains infeasible, the Trustee shall file a Motion to Modify the Plan and/or a Motion to Dismiss the case.

(b) Further, if at any time during the term of the Chapter 13 case, a claim is allowed which makes the Plan infeasible, the Chapter 13 Trustee shall notify the Debtor and his attorney, in writing, of the infeasibility of the Plan. If the Plan remains infeasible for forty five (45) days after such notice, the Trustee shall file a Motion to Modify the Plan and/or an alternative Motion to Dismiss the case.

III. At the time of the issuance of an Order Confirming a Plan in this case, the time for filing claims in this case may not have expired. Consequently, the Court specifically reserves the right in the future to:

(a). Alter or sustain an objection to the secured status of a claim filed as secured either before or after the entry of this Order Confirming Plan, and value the collateral securing any such claim to the extent not previously valued herein or otherwise by the Court;

(b). Enter a Final Order after notice and hearing on any responses or objections to the Trustee's Recommendation Concerning Claims, and on any additional objection(s) to claims timely filed by a party in interest;

(c). At any time during the pendency of this case, entertain a motion to alter or sustain an objection to the secured status of a claim filed as secured after the bar date for filing claims has expired, or to value the collateral securing any such claim to the extent not previously valued by the Court.

(d). Reduce, if necessary to ensure compliance with LBR 2016(h), the amount of attorney fees to the debtor's attorney due to the absence of a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

IV. All creditors having allowed secured claims (whether filed before or after an Order Confirming Plan is

entered) shall be treated in accordance with section 1325(a) (5), except as otherwise specifically set forth herein. The collateral securing creditor's claims provided for under the Debtor's Plan is hereby valued by the Court at the values set forth below.

(a). When the value of the collateral securing a timely filed proof of claim of any taxing authority differs from the value shown on the Debtor's Plan, the Trustee will use the value shown on the creditor's proof of claim. All parties will be noticed of this valuation through the Trustee's Recommendation Concerning Claims and disputed valuations may be resolved by the Court, by agreement or objection.

(b). In those instances where no objection was filed to Confirmation of the Debtor's Plan contesting the Debtor's valuation of collateral securing a creditor's claim. The value of such collateral is fixed at the values provided in the Debtor's Plan.

(c). In those instances, if any, where an objection was filed to the treatment of a creditors claim, including the valuation of collateral as provided in the Debtor's Plan, the Court through this order hereby determines the treatment shall be as set forth in exhibit 'A' attached, if any.

(d). In the event a creditor timely files a proof of claim which evidences a perfected security interest in collateral which was not specified by the Plan and not previously valued by the Court, such collateral will be valued by the Court at the value set forth in the Trustee's Recommendation Concerning Claims to be filed herein, unless a response to such Trustee's Recommendation Concerning Claims is timely filed. Such Trustee's Recommendation Concerning Claims is to be filed and served within thirty (30) days of the latter of entry of this Order or the deadline for filing proofs of claims herein (including a government unit). Responses to such Trustee's Recommendation Concerning Claims must be filed within the time and in the manner provided in such Trustee's Recommendation Concerning Claims.

(e). The valuation of collateral by the Court as set forth above shall not relieve a secured creditor from the duty to file a proof of claim in order to be paid under the Plan. Further, such valuation shall not preclude any party from objecting to the amount claimed by any such creditor, or from bringing an action to determine the extent of validity of such creditor's security interest or to avoid any such security interest.

2. The Debtor(s) shall pay the sum of: **$1,039.00** per month for a period of 1 month and
**$918.00** per month for a period of 3 months and
**$979.00** per month for a period of 56 months, totaling 60 payments
together with any income Tax refunds that the debtor receives during the life of the plan for a total of $58,617.00 to:

Carey D. Ebert
The Standing Chapter 13 Trustee
P.O. Box 628
Tyler, TX 75710

Beginning October 14, 2015 and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or as set forth in the Trustees Recommendation Concerning Claims.

3. The Trustee shall make disbursements pursuant to the provisions of the Plan, this Order, or as set forth in the Trustees Recommendation Concerning Claims, Section 1326 of the Bankruptcy Code and shall pay only such claims which have been allowed by the Court. The Trustee shall make such disbursements monthly, unless otherwise provided for by the Plan, but shall not be required to pay any dividend in an amount less than $15.00 and dividends not distributed because of this provision shall accumulate and be paid when such accumulation aggregates $15.00 or more.

4. The Debtor(s) shall not incur additional debt during the term of this Plan except upon written approval of the Court or the Standing Chapter 13 Trustee. Failure to obtain such approval may cause the claim for such debt to be unallowable and non-dischargeable.

Signed on 02/05/2016

*Brenda T. Rhoades*   SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

☑ Additional Provisions Attached

APPROVED AS TO FORM AND SUBSTANCE

/s/ Veronica Deaver
*Attorney for Debtors*

1/24/2016
Date

_____
Chapter 13 Trustee

2-3-16
Date

**Additional Provisions**
(Rev. December 1, 2014)

Check all that apply:

__X__ Unsecured creditors shall not be limited to the amount listed in the plan if further amounts are available after other stated creditors are paid.

__X__ Notwithstanding any other provision in the Plan, the Trustee shall receive a fee as allowed pursuant to the provisions of 28 U.S.C. 586(e)(2) in the percentage amount as fixed by the United States Trustee.

_____ The following creditors shall be paid pursuant to paragraph 6(B) of the plan rather than the paragraph stated:

_____

_____

_____ This order contemplates the payment in full of all allowed unsecured claims. If there are more allowed unsecured claims than anticipated, the Debtor(s) shall modify the plan to provide more funding.

_____ The Debtor(s) shall use best efforts to prosecute the claim(s) against _____. Debtor(s) shall turn over any proceeds from the claim to the Trustee except those proceeds that are determined by the Court or agreement with the Trustee to be both exempt and not disposable income. Any such turnover of proceeds will be in addition to the payments and total previously stated in this order. The plan shall not be complete and the Debtor(s) shall not receive a discharge until the claim(s) are resolved and appropriate payments to the Trustee are made.

_____ After the deduction/dedication of any amounts designated as adequate protection payments to any creditor(s), the Trustee shall hold in escrow any remaining funds thereafter available for debtor's attorney's fees. Such fees are allowed preliminarily. Final determination of the appropriate fees will be made in the context of the Trustee's Recommendation Concerning Claims. The Debtor's attorney will file a fee application before the deadline to object to the Trustee's Recommendation Regarding Claims. If the application is not filed within that time, the Debtor's attorney shall be awarded the amount of fees stated in Local Rule 2016.

_____ Despite any language in the plan or this order regarding the vesting of property, the responsibility for insuring property remains with the Debtor(s).

__X__ Notwithstanding any provision herein to the contrary, the deadlines to file the Trustee's Recommendation Concerning Claims, objections to the Trustee's Recommendation Concerning Claims, and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

_____ Although the Debtor(s) have little or no income tax withheld from paychecks, annual tax refunds are expected due to Earned Income Credit and Child Tax Credit. The Debtor(s) included the best estimate of the monthly average of the tax refund credits as additional income on Schedule I. Because of this, and notwithstanding any other provision of the confirmed plan, the Debtor(s) are only required to submit tax refunds to the Trustee which are $2,001.00 or more than the twelve month total of the monthly average of yearly Earned Income Credit and Child Tax Credit amounts.