IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Lawrence Edward Creed dba Creed Roofing, | § § § | Case No. 15-40892-BR-7 |
| Debtor. | § | |

## MOTION OF SUNTRUST BANK FOR RELIEF FROM AUTOMATIC STAY AGAINST 2014 DODGE CHALLENGER AND WAIVER OF 30-DAY HEARING REQUIREMENT

### NOTICE

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The Motion of SUNTRUST BANK, respectfully represents:

1. Debtor, Lawrence Edward Creed dba Creed Roofing, filed a Petition under Chapter 7 of the Bankruptcy Code.

2. A Contract and Certificate of Title create and perfect an interest in favor of SunTrust Bank on the property described in the Contract, namely: 2014 Dodge Challenger, VIN: 2C3CDYBT8EH312033 (the "Collateral").

3. The Debtor defaulted pursuant to the terms and provisions of the Contract. Specifically, Debtor has not made the payments due the months of June through November 2016 and is delinquent under the Contract in the amount of $3,738.78.

4.  SunTrust Bank has been unable to verify insurance coverage, and believes that Debtor has no physical damage insurance on the Collateral as required by the Contract. Such lack of insurance coverage does not adequately protect SunTrust Bank's security interest and represents "cause" to lift the stay.

5.  Debtor has no equity in the Collateral described above since the Collateral has depreciated in value to the extent that the indebtedness owed to SunTrust Bank exceeds the value of its security interest.

6.  SunTrust Bank does not have and has not been offered adequate protection for its interest in the Collateral, and the Collateral is depreciating by reason of the passage of time and the use of the Collateral.

7.  If SunTrust Bank is not permitted to take possession of the Collateral in question and foreclose its interest, it will suffer injury, loss and damage.

8.  SunTrust Bank hereby waives the thirty-day hearing requirement specified in 11 U.S.C. §362.

WHEREFORE, SunTrust Bank prays that:

(A)  The automatic stay be modified to permit SunTrust Bank to take possession of and to foreclose its interest in the Collateral described above; and

(B)  It be granted such other and further relief to which it may be entitled.

DATED December 14, 2016.

        Respectfully submitted,

        BEASLEY, HIGHTOWER & HARRIS, P.C.
        1601 Elm Street, Suite 4350
        Dallas, TX 75201
        (214) 220-4716 (telephone)
        (214) 220-4747 (telefax)

        By:  /s/ Patrick M. Lynch
            Patrick M. Lynch
            State Bar Number 24065655
            Email: plynch@bhhlaw.com

        ATTORNEYS FOR MOVANT, SUNTRUST BANK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the parties listed below by First Class Mail, postage prepaid, or by electronic filing notification, on December 14, 2016.

U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

Veronica Deaver, Esq.
PO Box 2248
McKinney, TX 75070

Lawrence Edward Creed dba Creed Roofing
2404 Beretta
Mesquite, TX 75181

Christopher Moser, Trustee
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Erin Minett, Esq.
Gay, McCall, Isaacks, & Roberts, P.C.
777 East 15th Street
Plano, TX 75074
Counsel for Collin County, et al

                                            /s/Patrick M. Lynch
                                            Patrick M. Lynch