IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LAWRENCE EDWARD CREED, | § | CASE NO. 15-40892 |
| | § | (Chapter 7) |
| DEBTOR | § | |

### MOTION TO COMPEL DEBTOR'S ATTENDANCE AT MEETING OF CREDITORS

**Notice**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("*Trustee*") files his Motion to Compel Debtor's Attendance at Meeting of Creditors ("*Motion*") as follows:

### Background

1. On May 14, 2015 (the "*Date of Bankruptcy*"), Lawrence E. Creed ("*Debtor*") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. After the Trustee discovered numerous material errors in the Debtor's schedules and discovered that the Debtor had non-exempt assets, the Debtor filed a Motion to Convert Chapter 7 Case to Chapter 13 Case ("*Motion to Convert*").

3. Initially, the Trustee opposed the conversion of the Debtor's case to Chapter 13. However, on

September 14, 2015, the Court entered an Agreed Order on Motion to Convert Case to Chapter 13 ("*Agreed Order*"). In addition to allowing the Debtor to convert his case to Chapter 13, the Agreed order specifically stated "that in the event that the Debtor is unable to confirm a plan or if cause exists to dismiss the Debtor's Chapter 13 case, then the Debtor's case will be re-converted to Chapter 7 as opposed to being dismissed." The obvious purpose of this language was to give the Debtor an opportunity to repay his creditors in Chapter 13 and if his Chapter 13 failed to do so, the case would be administered in Chapter 7.

4. On February 5, 2016, the Debtor confirmed a Chapter 13 Plan.

5. On September 13, 2016, the Chapter 13 Trustee filed a Motion to Dismiss the Debtor's Case due to the Debtor's failure to make the required plan payments. Trustee opposed the dismissal of the case due to the Agreed Order which required conversion of the case rather than dismissal of the case.

6. On October 4, 2016, the Court entered its Agreed Order on Motion to Dismiss Case. Pursuant to this order, the Debtor's case was reconverted to Chapter 7.

7. Following the reconversion of the case to Chapter 7 the first meeting of creditors was scheduled for November 18, 2016. The Debtor failed to appear at this meeting.

8. The meeting of creditors was reset for December 16, 2016. Again the Debtor failed to appear. Following this meeting Trustee was advised by Debtor's counsel that she did not expect the Debtor to appear at any scheduled meeting of creditors.

## Relief Requested

9. The Trustee seeks the Court's assistance in compelling the Debtor to appear at a Chapter 7 creditors meeting so that he can administer the Debtor's bankruptcy estate. In that regard, Trustee requests the Court to enter an order compelling the Debtor to appear at a rescheduled meeting of creditors on February 17, 2017 at 8:30 a.m. at S.M.U. Plano, 5236 Tennyson Parkway, Building 4,

Plano, Texas 75024. In the event that the Debtor fails to appear at a rescheduled meeting of creditors following the entry of an order directing his appearance, Trustee will seek to compel Debtor's appearance pursuant to Rule 2005(a) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE, PREMISES CONSIDERED** Trustee prays that this Court compel the Debtor to appear at a meeting of creditors and that Trustee be granted such other and further relief to which he may be justly entitled.

> Respectfully submitted,
>
> QUILLING, SELANDER, LOWNDS,
> WINSLETT & MOSER, P.C.,
> 2001 Bryan Street, Suite 1800
> Dallas, Texas  75201-4240
> (214) 880-1805 (Telephone)
> (214) 871-2111 (Facsimile)
>
> By:  */s/ Christopher J. Moser*
> Christopher J. Moser
> State Bar No. 14572500
>
> ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served via first class mail, postage prepaid, on this 30th day of December, 2016, upon all parties on the attached matrix.

> */s/ Christopher J. Moser*